Christopher **RUSTICI,** Petitioner–Appellant,

v.

William **PHILLIPS,** Superintendent, Greenhaven Correctional Facility, Respondent–Appellee.

No. 07–3789–pr.

United States Court of Appeals, Second Circuit.

Jan. 23, 2009.

Drummond C. Smith (Thomas F. Liotti, of counsel), Law Offices of Thomas F. Liotti, Garden City, N.Y., for Petitioner–Appellant.

Margaret E. Mainusch (Peter A. Weinstein, Tammy J. Smiley, of counsel), Assistant District Attorneys for Kathleen M. Rice, District Attorney, Nassau County, Mineola, N.Y., Respondent–Appellee.

Present: Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges, Hon. JOHN F. KEENAN,[1] District Judge.

## SUMMARY ORDER

The petitioner-appellant Christopher Rustici appeals from a judgment of the district court dated August 3, 2007, denying his petition for a writ of habeas corpus. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Rustici was convicted, after a jury trial, of murder in the second degree in violation of N.Y. Penal Law § 125.25(2), New York's depraved indifference murder statute, for fatally shooting Paul Behr on August 22, 1997, as well as of two weapons possession counts arising from the same incident. He was sentenced to a term of imprisonment of twenty-five years to life on the murder count, and terms of seven and one-half to fifteen years and three and one-half to seven years on the two weapons counts. The Appellate Division affirmed his convic-

tion on direct appeal, *People v. Rustici*, 303 A.D.2d 606, 756 N.Y.S.2d 498 (2003), and the New York Court of Appeals denied Rustici leave to appeal, *People v. Rustici*, 100 N.Y.2d 586, 764 N.Y.S.2d 397, 796 N.E.2d 489 (2003). Rustici subsequently filed a petition for a writ of habeas corpus in the Eastern District of New York on numerous grounds, including that New York's depraved indifference murder statute was unconstitutionally vague. The district court denied relief, holding that the statute was not unconstitutionally vague, but granting a certificate of appealability solely on the constitutional question. In response to respondent's subsequent motion to alter or amend the judgment, the district court specifically found that Rustici had exhausted the void-for-vagueness argument in the state courts. On appeal, Rustici presses the vagueness argument, while respondent contends that Rustici failed to exhaust the vagueness argument in the state courts and that it is, in any event, meritless.

"This court reviews a district court's denial of a writ of habeas corpus de novo." *Cotto v. Herbert*, 331 F.3d 217, 229 (2d Cir.2003). Under 28 U.S.C. § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." "The exhaustion requirement is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, and is not satisfied unless the federal claim has been 'fairly presented' to the state courts." *Jimenez v. Walker*, 458 F.3d 130, 148–49 (2d Cir.2006) (citation

---

1. The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

and some internal quotation marks omitted). Fairly appraising a state court of a constitutional claim does not require "citing chapter and verse of the Constitution." *Smith v. Duncan,* 411 F.3d 340, 348 (2d Cir.2005) (internal quotation marks omitted). "[A] petitioner may apprise the court of the constitutional nature of his claims" by " '(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.' " *Id.* (quoting *Daye v. Attorney Gen.,* 696 F.2d 186, 194 (2d Cir.1982) (en banc)). Although exhaustion usually requires that "[t]he petitioner ... apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition," *Galdamez v. Keane,* 394 F.3d 68, 73 (2d Cir.2005), where, as in New York, review in the highest court is discretionary, a claim is exhausted where the petitioner "request[s from the state's highest court] ... further appellate review" of the same federal claims he now presents to the federal courts, *id.* at 76.

If a petitioner fails to exhaust a claim on direct appeal and "it is clear that the unexhausted claim is [now] procedurally barred by state law," then "the habeas court theoretically has the power to deem the claim exhausted." *Aparicio v. Artuz,* 269 F.3d 78, 90 (2d Cir.2001). However, where claims are deemed exhausted, "federal habeas courts also must deem the claims procedurally defaulted," unless the petitioner can show cause for the default and prejudice, or actual innocence. *Id.* In New York, a defendant may not collaterally attack a conviction based on a claim that he could have raised on direct appeal where he unjustifiably failed to raise it. N.Y.Crim. Proc. Law § 440.10(2)(c).

Rustici did not fairly present his vagueness claim to the state courts. He did not explicitly raise the issue in his original Appellate Division brief, nor did he use "terms so particular as to call to mind a specific [constitutional] right" or allege "a pattern of facts that is well within the mainstream of constitutional litigation." *Smith,* 411 F.3d at 348 (internal quotation marks omitted). In context, it appears that Rustici was using the single relevant district court case that he cited to support his evidentiary claim. And although Rustici also attempts to show a fair presentation of the vagueness issue by citing arguments made in his Appellate Division reply brief and in his application for leave to appeal to the New York Court of Appeals, those arguments cannot fairly appraise the state courts of his claim. *See Lurie v. Wittner,* 228 F.3d 113, 124 (2d Cir.2000) ("Under New York law ... a claim of error first raised in a reply brief is not properly presented to the reviewing court."); *id.* ("[C]onsideration before the [New York] Court of Appeals is discretionary review, which the Court of Appeals declined to grant. Presenting a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it.").

Because the vagueness claim was not fairly presented to the state courts on Rustici's direct appeal and, pursuant to N.Y.Crim. Proc. Law § 440.10(2)(c), he cannot now raise the claim in state court, his vagueness claim is technically exhausted but procedurally barred. Consequently, "we may reach the merits of the claim 'only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent.' " *Jones v. Keane,* 329 F.3d 290, 296 (2d Cir.2003) (quoting *Bousley v. United States,* 523

U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Rustici has not attempted to meet this standard, and accordingly, we cannot review his claim.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.